UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| SHANE JENKINS, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) | CV 00-BU-0464-E |
| NATIONAL CREDIT SERVICES, INC., | ) ) ) ) | |
| Defendant. | ) | |

**ENTERED**
OCT 20 2000

## MEMORANDUM OPINION AND ORDER

This case is before the Court on Defendant's motion for summary judgment. Doc. 23. Plaintiff, Shane Jenkins, brought this action seeking damages for alleged violations of the Fair Debt Collection Practices Act [hereinafter "FDCPA"]. Defendant, National Credit Services, Inc., filed a counterclaim seeking payment of Plaintiff's outstanding account balance. The parties have filed briefs and evidence in support of their positions. Based on the record before the Court, Defendant's motion for summary judgment is due to be granted in part and denied in part. Also, the Court, sua sponte, moves for summary judgment as to Defendant's counterclaim.

Plaintiff's amended complaint alleges that Defendant violated the FDCPA in the following ways:



  a. Defendant communicated directly with the Plaintiff when it knew he was represented by an Attorney in violation of 15 U.S.C. § 1692c(a)(2);

  b. Defendant failed to send the plaintiff a validation notice within five days of their initial communication with plaintiff[ ] in violation of 15 U.S.C. § 1692g;

  c. Defendant's communication with plaintiff misrepresents the legal status of the debt in violation of 15 U.S.C. § 1692e(A);

  d. Defendant's communication with plaintiff threatens to take action that cannot legally be taken or that is not intended to be taken such as suit and harm to credit reputation in violation of 15 U.S.C. § 1692e(5);

  e. Defendant's communication with plaintiff is false and deceptive in violation of 15 U.S.C. § 1692e(10);

  f. Defendant did not obtain and send to Plaintiff verification of the disputed debt in violation of 15 U.S.C. § 1692g(b);

  g. Defendant has mailed notices to plaintiff that refer to "other accounts" and not to whom the debt is owed in violation of 15 U.S.C. § 1692g(a)(2);

  h. Defendant sent numerous validation notices that are confusing, overshadowed and contradictory in violation of 15 U.S.C. § 1692g;

  i. Defendant has violated the act in other ways not specified herein.

Doc. 4, ¶ 10.

However, in his brief in opposition to Defendant's motion for summary judgment, Plaintiff cites only two violations of the FDCPA: (1) Defendant contacted Plaintiff after it was informed that he was represented by Counsel, which is

prohibited by 15 U.S.C. § 1692c(a)(2); and (2) Defendant's counterclaim is a misrepresentation of the legal status of the debt, which is prohibited by 15 U.S.C. § 1692e(2)(A). Plaintiff's FDCPA claim is thus limited to these two alleged violations.

  A. PROHIBITED COMMUNICATION – 15 U.S.C. § 1692c(a)(2)

Plaintiff contends that on two occasions attorneys from Legal Services Corporation contacted Defendant and that, thereafter, Defendant continued to contact Plaintiff. The record before the Court contains copies of two letters sent to Defendant from Plaintiff's counsel at Legal Services Corporation. The first letter is dated January 21, 1994; the letter contains the name and address of Plaintiff's attorney and asks Defendant to contact counsel if it "need[s] anything else." Doc. 26, Exh. 6. The second letter is dated August 6, 1999. The letter contains the name and address of Plaintiff's counsel and states, specifically, Defendant "direct all inquiries concerning the collection of this debt to this office instead of Mr. Jenkins." Doc. 26, Exh. 5. This letter was followed by a faxed copy of a "Authorization for Release of Client Data" faxed to Defendant from Legal Services Corporation. Doc. 24, Exh. 3, R-47 & R-48. Defendant admits that it continued to contact Plaintiff directly subsequent to receiving both letters.

The FDCPA provides that "a debt collector may not communicate with a consumer in connection with the collection of any debt . . . (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and

1has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer . . . ." 15 U.S.C. § 1692c(a)(2). By directly communicating with Plaintiff after learning that he was represented by counsel, Defendant violated § 1692c(a)(2).

Defendant asserts that it should not be held liable because any communication with Plaintiff was the result of a bona fide error. Pursuant to the FDCPA, "a debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error." 15 U.S.C. § 1692k(c). "[T]he inquiry into whether a debt collector's procedures are reasonable is, 'by its nature, fact- intensive, and should therefore typically be left to the jury.'" *Gill v. Kostroff*, 82 F. Supp. 2d 1354, 1360 (M.D. Fla. 2000)(quoting *Narwick v. Wexler*, 901 F. Supp. 1275, 1282 (N.D. Ill.1995)), *see also Turner v. Firestone Tire and Rubber Co.*, 537 F.2d 1296, 1298 (5th Cir. 1976)(discussing 15 U.S.C. s 1640(c) [Truth in Lending Act], which is nearly identical to 15 U.S.C. s 1692k(c)).

Defendant contends that it maintains procedures reasonably adapted to avoid contact with a debtor after it received notice that he is represented by counsel. Defendant states that it has a "100-page training manual and written office policies

and procedures, as well as extensive employee training and on-the-job supervision to avoid verbal or written contact or communication with a debtor . . . who is known by Defendant to be represented by an attorney." Doc. 24, p. 9. It contends that its procedure is for the desk collector to pass along any information regarding debtor's representation to the supervisor, who adds a code to the debtor's account suspending all collection activity. Defendant offers no explanation for the failure to suspend collection activity after the 1994 letter. However, it contends that the 1999 letter was misfiled by a new employee. Plaintiff's counsel called the office approximately one month later and Defendant coded Plaintiff's account. Subsequently, for reasons that are not clear, another new employee deleted the no-contact code and communicated with Plaintiff.

The Court finds that this evidence indicates a disputed issue of fact as to whether Defendant's "maintain[ed] . . . procedures reasonably adapted to avoid such error." Letters from Plaintiff's counsel were ignored and/or misplaced not once but twice. Defendant blames two "new" employees for the errors in processing information regarding Plaintiff's representation. A reasonable jury could find that Defendant lacked adequate procedures and training to reasonably prevent such error. Therefore, the Court finds that Defendant has not established that, as a matter of law, it is entitled to the affirmative defense of bona fide error. Defendant's motion to dismiss Plaintiff's FDCPA claim based on the prohibited contact is due to be denied.

B.  MISREPRESENTATION AS TO LEGAL STATUS OF DEBT– 5 U.S.C. § 1692e(2)(A).

Plaintiff contends that Defendant misrepresented the legal status of his debt by filing its counterclaim that seeks to collect the time-barred debts. Doc. 26, p. 2 (Argument). Defendant concedes that Plaintiff's most recent debt was incurred in October 1993. Doc. 24, p. 4. Plaintiff filed this case on February 21, 2000, and Defendant filed its counterclaim on March 21, 2000. The counterclaim states: "Defendant hereby files a compulsory counterclaim pursuant to [Fed. R. Civ. P.] 13 . . . and demands judgment against the named Plaintiff, as well as each and every member of the putative plaintiff class, for the balance due Defendant or Defendant's assignor creditor(s) by the named Plaintiff and by each and every member of the putative plaintiff class still indebted to Defendant or Defendant's assignor creditor(s)."

The Court finds that the so-called "compulsory" counterclaim is not a representation that any claim against Plaintiff for the unpaid account balance is or is not a timely claim.[1] Therefore, Defendant's motion for summary judgment is due to be granted in part and Plaintiff's claim that Defendant misrepresented the legal status of Plaintiff's debt when it asserted the counterclaim is due to be dismissed.

---

[1] Compulsory counterclaims for recoupment may be brought even though the claim is time-barred. See, e.g., Romar Development Co. v. Gulf Management Corp. 644 So. 2d 462, 473 (Ala. 1994).

C. DEFENDANT'S COMPULSORY COUNTERCLAIM

The Court believes that Defendant's counterclaim for collection of Plaintiff's account balance is not a compulsory counterclaim as it does not arise from the "same transaction" as Plaintiff's FDCPA claim. See FDCPA claim based on misrepresentation of the legal status of his debt *Berrios v. Sprint Corp.*, 1998 WL 199842, *8-*9 (E.D. N.Y.).[2] From the record it is unclear that there is any amount

---

[2]The *Berrios* Court held:

"The test for determining whether a counterclaim is compulsory is whether a logical relationship exists between the claim and the counterclaim and whether the essential facts of the claims are 'so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.' " *Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir.1991) (quoting *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir.1980) (internal quotations omitted))). **All reported decisions on the issue have found that a defendant's counterclaims for payment of an overdue debt are distinct from, and not logically related to, a plaintiff's FDCPA claim based on improper debt collection practices**. See *Peterson v. United Accounts Inc.*, 638 F.2d 1134, 1137 (8th Cir.1981); *Blakemore v. Pekay*, 895 F. Supp. 972, 983- 84 (N.D. Ill.1995); *Azar v. Hayter*, 874 F. Supp. 1314, 1317 (N.D. Fla.1995); *Hart v. Clayton-Parker & Assoc.*, 869 F. Supp. 774, 777-78 (D. Ariz.1994); *Leatherwood v. Universal Bus. Serv. Co.*, 115 F. R. D. 48, 49-50 (W.D. N.Y.1987); *Lawson v. Management Adjustment Bureau Inc.*, 1997 WL 283027, at *6 (N.D. Ill. May 15, 1997); *Ayres v. National Credit Management Corp.*, 1991 WL 66845, at *1-4 (E.D. Pa. April 25, 1991); *Gutshall v. Bailey & Assoc.*, 1991 WL 166963, at *2 (N.D.Ill. Feb.11, 1991). As another district court wrote:

> Although defendants' right to payment from plaintiff is certainly factually linked to the fairness of defendants' collection practices--there being no attempted collection without an alleged debt--a cause of action on the debt arises out of events different from the cause of action for abuse in collecting. The former centers on evidence regarding the existence of a contract, the failure to perform on a contract, or other circumstances leading to the creation of a valid debt. The latter centers on evidence regarding

owed by Plaintiff the collection of which is not time-barred. Therefore, the Court, *sua sponte*, moves for summary judgment on Defendant's counterclaim.

On or before NOVEMBER 6, 2000, Defendant shall file its argument in evidence in support of its counterclaim. In particular, Defendant shall address whether the counterclaim is "compulsory." And, assuming that the Court decides that it is not compulsory, what, if any, amount is owed by Plaintiff that is not based on a time-barred debt.

Thereafter, Plaintiff shall file his reply to Defendant's submission on or before NOVEMBER 13, 2000. The Court's *sua sponte* motion to dismiss defendant's counterclaim will be deemed submitted without oral argument on NOVEMBER 13, 2000. A separate submission order will be entered contemporaneous with this Opinion.

## CONCLUSION

Based on the foregoing, Defendant's motion for summary judgment (Doc. 23) is hereby GRANTED IN PART and DENIED IN PART. Defendant's motion is GRANTED as to Plaintiff's FDCPA claim based on misrepresentation of the legal

---

> the improprieties and transgressions, as defined by the FDCPA, in the procedures used to collect the debt, regardless of the debt's validity.

*Aryes*, 1991 WL 66845, at *1.

*Berrios*, 1998 WL 199842, at *8-*9 (footnote omitted).

status of his debt; that claim is hereby DISMISSED. Defendant's motion for summary judgment is hereby DENIED as to Plaintiff's FDCPA claim based on prohibited communication.

DONE this  20th  day of October, 2000.

H. DEAN BUTTRAM, JR.
UNITED STATES DISTRICT JUDGE